SCOTT RIGHTHAND, ESQ. – SBN 087635
BRITTANY ROGERS, ESQ. – SBN 288522
Law Office of Scott Righthand
A Professional Corporation
275 Battery Street, Suite 1300
San Francisco, CA  94111
Telephone: 415-544-0115
Facsimile:   415 544-0116

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONALD LOEBER and MARIE LOEBER,

          Plaintiffs,

     vs.

THE UNITED STATES OF AMERICA;
VETERANS ADMINISTRATION; SAN
FRANCISCO VA MEDICAL CENTER; SAN
FRANCISCO DEPARTMENT OF
VETERANS AFFAIRS; PETER HARDY
KASS; KURTIS S. KAMINISHI, M.D.; BOBBY
SING, M.D.; MARIA I. FERNANDEZ, M.D.;
ALMON BUNDY; and DOES 1-100, inclusive,

          Defendants.

Case No.

**COMPLAINT FOR DAMAGES**

**(DEMAND FOR JURY TRIAL)**

Come now DONALD LOEBER and MARIE LOEBER, individually and as successors in

interest to CHRISTINE LOEBER, and allege against Defendants THE UNITED STATES OF

AMERICA; VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER;

PETER HARDY KASS; KURTIS S. KAMINISHI, M.D.; BOBBY SING, M.D.; MARIA I.

FERNANDEZ, M.D.; ALMON BUNDY; and DOES 1-100, inclusive as causes of action for damages as follows:

## I.      JURISDICTION AND VENUE

This Court has jurisdiction over this matter because the defendants include the federal government, federal government agencies, and persons acting in the course and scope of their employment with federal government agencies including the Department of Veterans Affairs. (28 U.S.C. §2674.) Venue is proper in the Northern District of California because one or more of the defendants resides within that district. Plaintiffs timely complied with the claim requirements of 28 U.S.C. §2675 and said claim was rejected within six months prior to filing of this Complaint.

## II.      PARTIES

Plaintiffs DONALD LOEBER and MARIE LOEBER are the surviving parents of decedent CHRISTINE LOEBER and are her successors in interest pursuant to California Code of Civil Procedure sections 377.11 and 377.32 and collectively constitute all of the decedent's Heirs at Law. Decedent was a citizen of the United States and the State of California, and permanently domiciled in Napa, California. Plaintiffs are the personal representatives of Christine Loeber's estate, and they bring this action based in both for wrongful death and survival.

Defendants VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS are federal agencies within the federal government of THE UNITED STATES OF AMERICA.

Defendant PETER HARDY KASS was a psychiatry resident working in the course and scope of his employment with the VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS.

Defendant KURTIS S. KAMINISHI, M.D. was a Staff Geriatric Psychiatrist working in the course and scope of his employment with the VETERANS ADMINISTRATION; SAN

FRANCISCO VA MEDICAL CENTER; SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS.

Defendant BOBBY SING, M.D. was a Staff Physician working in the course and scope of his employment with the VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS.

Defendant MARIA I. FERNANDEZ, M.D. was a Staff Psychiatrist working in the course and scope of her employment with the VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS.

Defendant ALMON BUNDY was an unlicensed nonmedical provider peer support counselor and was working in the course and scope of his employment with the VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS.

Plaintiffs are informed and believe and upon such information and belief allege that, at all times herein mentioned, Defendants and each of them, were the agents, servants and employees of each of the other Defendants named herein and at all times mentioned herein were acting within the course and scope of their agency, service and employment.

### III.    STATEMENT OF RELEVANT FACTS

Albert Cheung Wong (hereinafter "Wong") was a 36-year-old Army combat veteran suffering from severe mental injuries. ALMON BUNDY (hereinafter "BUNDY") had been Wong's peer support counsellor since approximately 2016. In April 2017, Wong became a resident of The Pathway Home (hereinafter "Pathway"), a residential treatment program at the Veterans Home in Yountville, California. Decedent Christine Loeber was the Executive Director of Pathway and at times provided counselling services to Wong during his residency there.

On December 18, 2017, BUNDY met with Wong who expressed among other things his intent to use his firearms and BUNDY took possession of multiple firearms from Wong. On December 20, 2017, BUNDY accompanied Wong to the Psychiatric Emergency Department at the San Francisco VA Medical Center. There, Wong expressed homicidal thoughts towards multiple specific individuals, on information and belief including Jennifer Gonzales and Christine Loeber at Pathway, stating that his interactions with Jennifer and Christine sparked homicidal thoughts for him, in addition to suicidal intent via a plan to shoot himself. It was reported that Wong had previously purchased and possessed multiple firearms as recently as the days prior to his arrival at the hospital's Psychiatric Emergency Department. This constituted a serious threat of physical violence against a reasonably identifiable victim or victims, the two above referenced persons at Pathway, inclusive of Plaintiff's decedent.

Wong also reported anxiety about the motives of people around him, leading to a preliminary diagnosis of underlying psychosis that could include primary psychotic disorder and/or major depressive disorder with psychotic features. Wong also reported periods of elevated mood, decreased sleep, and reckless behaviors that were consistent with mania and hypomania and severe psychiatric diagnosis.

Wong also reported possession of multiple firearms immediately prior to his hospitalization and the ability to access firearms were he to be released from the hospital. Wong was deemed to meet the mental health criteria for inpatient admission and a California Welfare and Institutions Code section 5150 involuntary psychiatric hold if he tried to leave. He stayed in the psychiatric ward of the hospital until December 21, 2017, when he was released.

Christine Loeber was not informed that Wong had had firearms in his possession immediately prior to hospitalization nor that he had threatened to use those firearms against her or her colleagues specifically. Christine Loeber was not told that Wong met the mental health criteria

for California Welfare and Institutions Code section 5150. Christine Loeber was also told that Wong did not pose a threat to himself or others.

None of the threats made by Wong against the individuals nor his meeting the mental health criteria for 5150 were communicated to local law enforcement and as a result no report was made to the California Department of Justice so that Wong would be prohibited from possessing and obtaining firearms. Subsequently, Wong was able to purchase additional firearms through licensed dealers. On February 25, 2018, a Stoeger double barrel shotgun, Serial number C865936-17, was transferred to Wong. On March 5, 2018, a JP Enterprises Ultralite .308 caliber rifle, Serial number LRNl4061536, was transferred to Wong. He used the aforementioned assault rifle to murder Christine Loeber and others on March 9, 2018 at The Pathway Home in Yountville, California.

## VI.     FIRST CAUSE OF ACTION – FAILURE TO REPORT

Defendants, and each of them, failed to report to local law enforcement Wong's serious threat of physical violence against reasonably identifiable victims in violation of California Welfare and Institutions Code sections 8100(b)(1) and 8105(c). Defendants, and each of them, also failed to make "reasonable efforts to communicate the threat to the victim or victims **and** to a law enforcement agency." (California Civil Code §43.92.)

Within 24 hours, the law requires a licensed psychotherapist report to local law enforcement the identity of any person who has made a serious threat of physical violence against identifiable victim or victims. (California Welfare and Institutions Code §§8100(b)(1), 8105(c).) A psychotherapist must also make "reasonable efforts to communicate the threat to the victim or victims **and** to a law enforcement agency." (California Civil Code §43.92, emphasis added.)

Defendants' failure to comply with the above referenced laws resulted in ongoing reporting failures from psychotherapists and their staff and others to local law enforcement. Had reports required by law been made to local law enforcement they would then have been required to report

to the Department of Justice within 24 hours. (California Welfare and Institutions Code §8105(c).) The Department of Justice is required to participate in the National Instant Criminal Check System ("NICS"). (California Penal Code §28220.) The Department of Justice must inform that individual that they are prevented from possessing or purchasing a firearm for 5 years unless otherwise ordered by a Court after petition. (California Welfare and Institutions Code §8100(b)(2.) Upon submission of firearm purchaser information by a licensed dealer, the Department of Justice must examine its records to determine if the person is prohibited by state or federal law from possessing or purchasing a firearm. (California Penal Code §28220.)

Wong made a serious threat of physical violence against identifiable victims including decedent Christine Loeber at his emergency room visit on December 20, 2017 and had the means of carrying out those threats by virtue of access to firearms that he both demonstrated to BUNDY and communicated to hospital providers. Defendants PETER HARDY KASS; KURTIS S. KAMINISHI, M.D.; BOBBY SING, M.D.; MARIA I. FERNANDEZ, M.D.; and ALMON BUNDY, independently and in their capacity as agents and employees of Defendants THE UNITED STATES OF AMERICA; VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; and SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS, failed to report Wong to local law enforcement as required by law. As a result, local law enforcement did not make a report to the Department of Justice, which in turn did not make a report to the NICS, and after his release from the mental hospital Wong was able to purchase additional firearms which he used to murder Christine Loeber and others. Had Wong been reported to local law enforcement, he would not have been able to purchase said firearms and would not have had the means or ability to murder Christine Loeber and others with said firearms, which he did on March 9, 2018. The failure of said Defendants to report Wong was a substantial factor in causing the death of Christine Loeber.

Defendants THE UNITED STATES OF AMERICA; VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; and SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS are vicariously liable for the actions and omissions of the aforementioned Defendants by virtue of all individual Defendants being in the course and scope of their employment with these entities the time of their conduct at issue in this case.

**V.      SECOND CAUSE OF ACTION – FAILURE TO WARN OR PROTECT**

Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the First Cause of Action as though fully set forth at length herein.

"A psychotherapist as defined in Section 1010 of the Evidence Code [must] protect from a patient's threatened violent behavior or… predict and protect from a patient's violent behavior [when] the patient has communicated to the psychotherapist a serious threat of physical violence against a reasonably identifiable victim or victims." (California Code of Civil Procedure §43.92(a).) Section 1010 of the California Evidence Code includes a variety of licensed and certified persons, from medical doctors to nurses to licensed counsellors. (California Evidence Code §1010.) Said persons must make "reasonable efforts to communicate the threat to the victim or victims **and** to a law enforcement agency." (California Code of Civil Procedure §43.92(b), emphasis added.)

Wong made a serious threat of physical violence against identifiable victims including decedent Christine Loeber at his emergency room visit on December 20, 2017 and had the means of carrying out those threats by virtue of access to firearms that he both demonstrated to BUNDY and communicated to hospital providers. Defendants PETER HARDY KASS; KURTIS S. KAMINISHI, M.D.; BOBBY SING, M.D.; MARIA I. FERNANDEZ, M.D.; and ALMON BUNDY, independently and in their capacity as agents and employees of Defendants THE UNITED STATES OF AMERICA; VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; and SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS,

negligently and carelessly and in violation of law failed to make reasonable efforts to warn and protect decedent Christine Loeber by: 1) failing to inform her that Wong posed a serious and credible threat to her; 2) failing to inform her that Wong met the mental health criteria for California Welfare and Institutions Code section 5150; 3) failing to inform her that Wong had had firearms in his possession immediately prior to hospitalization; 4) failing to inform her that Wong had threatened to use those firearms against her specifically; and 5) failing to report Wong to local law enforcement.

At all relevant times Christine Loeber was reasonable in expecting that Defendants complied with their obligations under the law to report to her the full scope of the threats Wong had made including the credible means to carry out those threats and that Defendants had reported Wong to local law enforcement.

Had Christine Loeber been informed of the severity and specificity of the threats made against her and the concurrent possession of firearms and the ability to access firearms after release and the failure to report Wong to law enforcement, she could and would have taken steps to protect herself and others that more likely than not would have prevented this tragedy and her death, including but not limited to reporting Wong to law enforcement herself.

Had Wong been reported to local law enforcement in December 2017, during or immediately after his admission to a psychiatric hospital through the emergency department, he would not have been cleared through the Department of Justice NICS background check conducted in February 2018 and would not have been able to purchase the firearms he used to kill Christine Loeber and others on March 9, 2018. The failure of said Defendants to warn and protect Christine Loeber was a substantial factor in causing her death.

Defendants THE UNITED STATES OF AMERICA; VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; and SAN FRANCISCO DEPARTMENT OF

VETERANS AFFAIRS are vicariously liable for the actions and omissions of the aforementioned Defendants by virtue of all individual Defendants being in the course and scope of their employment with these entities the time of their conduct at issue in this case.

## VI.     THIRD CAUSE OF ACTION – INTENTIONAL MISREPRESENTATION

Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the First and Second Causes of Action as though fully set forth at length herein.

Defendants PETER HARDY KASS; KURTIS S. KAMINISHI, M.D.; BOBBY SING, M.D.; MARIA I. FERNANDEZ, M.D.; and ALMON BUNDY, independently and in their capacity as agents and employees of  Defendants THE UNITED STATES OF AMERICA; VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; and SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS, made false representations that harmed Christine Loeber including but not limited to representing to her that Wong did not pose a serious and credible threat to her or have access to firearms and that Wong did not meet the mental health criteria for California Welfare and Institutions Code section 5150. Defendants knew the aforementioned representations were false when they were made and/or made said representations recklessly without regard for their truth. Defendants intended for Christine Loeber to rely on those representations, and she did in fact rely on them, all of which was a substantial factor in causing her harm.

Defendants made the aforementioned representations not as a causal expression of belief but in a way that declared those matters to be true and factual. Defendants were in a position of special knowledge as to the threat posed by Wong by virtue of observing him in a state of mental psychosis requiring emergency department admission to a psychiatric hospital and having knowledge of his possession of firearms immediately prior to admission and access to additional firearms upon release and knowing the specific threats to use said firearms to harm Christine Loeber and others.

Defendants would expect Christine Loeber would rely on their representations because of their status as psychiatric medical professionals observing Wong in his state of severe mental psychosis. As a result, Christine Loeber was lured into a false sense of security wherein she did not and could not understand the full scope and nature of Wong's threats and his ability carry out those threats and was unable to protect against those threats by among other things, formally notifying law enforcement herself, which would have the added benefit of ensuring Wong was placed in the NICS database to prevent his purchase of the additional firearms that he used to kill her and others.

Defendants THE UNITED STATES OF AMERICA; VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; and SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS are vicariously liable for the actions and omissions of the aforementioned Defendants by virtue of all individual Defendants being in the course and scope of their employment with these entities the time of their conduct at issue in this case.

## VII.    FOURTH CAUSE OF ACTION – INTENTIONAL CONCEALMENT

Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the First, Second, and Third Causes of Action as though fully set forth at length herein.

Defendants PETER HARDY KASS; KURTIS S. KAMINISHI, M.D.; BOBBY SING, M.D.; MARIA I. FERNANDEZ, M.D.; and ALMON BUNDY, independently and in their capacity as agents and employees of Defendants THE UNITED STATES OF AMERICA; VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; and SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS, concealed certain information from Christine Loeber that was a substantial factor in causing her harm, including: 1) that Wong posed a serious and credible threat to her; 2) that Wong met the mental health criteria for California Welfare and Institutions Code section 5150; 3) that Wong had had firearms in his possession immediately prior to hospitalization; 4) that Wong had threatened to use those firearms against Christine Loeber

specifically; and 5) that they did not report Wong to local law enforcement. Christine Loeber did not know of these facts and was prevented from discovering them because such facts were within the unique knowledge of Defendants.

Defendants' concealment of said facts was done with intention to deceive Christine Loeber within the meaning of California Civil Code section 1710 because among other things: 1) Defendants suppressed facts that they were bound to disclose; and 2) Defendants gave Christine Loeber information of other facts which were likely to mislead her and for which they had no reasonable ground to believe to be true, including that Wong did not pose a serious and credible threat of killing her with firearms and that Wong did not meet the mental health criteria for California Welfare and Institutions Code section 5150.

Had the true facts been disclosed to Christine Loeber, she would have behaved differently including but not limited to taking steps to inform law enforcement and would have ensured Wong was placed in the NICS database to prevent his purchase of the additional firearms that he used to kill her and others. The concealment of the true facts about Wong by Defendants was a substantial factor in causing harm to Christine Loeber in that after his release from the psychiatric hospital in December 2017 Wong was able to purchase additional firearms that he used to kill her on March 9, 2018.Defendants THE UNITED STATES OF AMERICA; VETERANS ADMINISTRATION; SAN FRANCISCO VA MEDICAL CENTER; and SAN FRANCISCO DEPARTMENT OF VETERANS AFFAIRS are vicariously liable for the actions and omissions of the aforementioned Defendants by virtue of all individual Defendants being in the course and scope of their employment with these entities the time of their conduct at issue in this case.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in this matter.

//

## IX.    DEMAND FOR RELIEF

As a direct, proximate, and legal consequence of the aforementioned actions and inaction as set forth above, Plaintiffs' Decedent Christine Loeber suffered certain and severe injuries, including but not limited to injury to her head, brain, and ultimately death. Decedent, by and through her successors in interest, experienced both economic and other damages that occurred between the moment of the wrongful act and the moment of her death in an amount in excess of the jurisdictional amount of this Court.

As a further direct and proximate result of said negligence, acts, omissions and conduct of Defendants, and each of them, and of said injuries caused to Decedent, DONALD LOEBER and MARIE LOEBER have been deprived of kind and loving daughter, and of her love, companionship, comfort, care, assistance, protection, affection, society, moral support and other elements of wrongful death damages all to their damage in an amount not now known to Plaintiffs, and Plaintiffs will ask leave of Court to amend their pleadings and set forth the exact amount thereof when the same becomes known to them.

As a further direct and proximate result of said negligence, acts, omissions and conduct of Defendants, and each of them, and of said injuries caused to Decedent, DONALD LOEBER and MARIE LOEBER were deprived of Decedent's support, income and home services, and were prevented from receiving Decedent's support, income and home services in the future, all to their damage in an amount not now known to Plaintiffs, and Plaintiffs will ask leave of Court to amend their pleadings and set forth the exact amount thereof when the same becomes known to them.

As a further direct and proximate result of said negligence, acts, omissions and conduct of Defendants, and each of them, and of said injuries caused to Decedent, DONALD LOEBER and MARIE LOEBER incurred expenses for an appropriate burial and funeral, all to Plaintiffs' damage

in an amount not now known to them, and Plaintiffs will ask leave of Court to amend their pleadings and set forth the exact amount thereof when the same becomes known to them.

As a further direct and proximate result of said negligence, acts, omissions and conduct of Defendants, and each of them, and of said injuries caused to Decedent, DONALD LOEBER and MARIE LOEBER were deprived of Decedent's training and guidance, and Plaintiffs will be prevented from receiving Decedent's training and guidance in the future, all to Plaintiffs' damage in an amount not now known to them, and Plaintiffs will ask leave of Court to amend their pleadings and set forth the exact amount thereof when the same becomes known to them.

As a proximate result of the negligence and carelessness hereinabove set forth, Plaintiffs have been damaged in a sum exceeding the jurisdictional minimum of this Court.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants, and each of them, as set forth below:

1. For wrongful death damages;

2. For survival damages that Christine Loeber would have been entitled to had she survived;

3. For special or economic damages according to proof;

4. For any and all damages as set forth in Welfare and Institutions Code Sections as set forth above;

5. For costs of suit incurred herein;

6. For damages pursuant to California Code of Civil Procedure section 377.34;

7. For damages pursuant to California Code of Civil Procedure section 377.61;

8. For prejudgment interest pursuant to California Civil Code Section 3291; and

9. For such other and further relief as the Court may deem proper and just.

DATED: May 21, 2021                    LAW OFFICE OF SCOTT RIGHTHAND, PC

By: _____
SCOTT RIGHTHAND
BRITTANY ROGERS
Attorney for Plaintiffs