United States District Court
Northern District of California

1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 San Francisco Division

11

| | |
|---|---|
| DONALD LOEBER and MARIE LOEBER by and through her successor in interest, MICHELLE LOEBER, | Case No. 21-cv-03866-LB |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS** |
| v. | Re: ECF No. 54 |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| MARC GOLICK and M.G. by and through her guardian ad litem MARC GOLICK, | Case No. 21-cv-03870-LB |
| Plaintiffs, | |
| v. | Re: ECF No. 61 |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

23 **INTRODUCTION**

24     In March 2018, Albert Wong — a combat veteran suffering from severe mental-health issues

25 — shot and killed two therapists, Jennifer Golick and Christine Loeber, at The Pathway Home, a

26 residential-treatment program at the veterans' home in Yountville, California. In two separate

27 lawsuits, members of their families sued the United States under the Federal Torts Claims Act

28

1    (FTCA) for failure to report, warn, and protect and negligence.[1] In a third lawsuit in state court,

2    the plaintiffs settled with the State of California.[2]

3         The United States moved in both cases under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss

4    the plaintiffs' claims for damages on the ground that the plaintiffs settled in state court with the

5    State of California, Cal. Civ. Proc. Code § 877 prohibits double recovery, and the plaintiffs must

6    plead that their damages exceed the settlement to establish standing and a claim for damages. In

7    *Loeber*, the parties agree that the United States is the only proper defendant, but the complaint

8    caption identifies other defendants.[3]

9         The court denies the motion to dismiss the claims for damages. Any issues about whether the

10   plaintiffs were made whole cannot be determined at the pleadings stage. Also, the United States is

11   the only proper defendant. The court dismisses the other federal employees with prejudice and will

12   amend the docket to reflect that only the United States is a defendant.

13

14

15                                        **STATEMENT**

15        Mr. Wong was an "Army combat veteran suffering from severe mental injuries and PTSD." In

16   April 2017, he became a resident at The Pathway Home. Ms. Golick was the Clinical Director there

17   and Ms. Loeber was the Executive Director. In December 2017, while hospitalized at the San

18   Francisco VA Medical Center for mental-health problems, Mr. Wong allegedly told hospital

19   employees (who are United States employees) that he had firearms. He also "expressed homicidal

20   thoughts" towards Ms. Golick and Ms. Loeber. No one told Ms. Golick or Ms. Loeber about the

21   threats or Mr. Wong's possession of firearms. Instead, they were told that Mr. Wong "did not pose

22   an immediate threat to himself or others." No one told local law enforcement about the threats

23

24

25   _____

26   [1] *Loeber* First Am. Compl. (FAC), No. 21-cv-03866-LB – ECF No. 46; *Golick* FAC, No. 21-cv-03870-LB – ECF No. 52. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

27   [2] *Loeber* Stipulation – ECF No. 43; *Golick* Stipulation – ECF No. 50.

28   [3] *Loeber* Mot. – ECF No. 54; *Golick* Mot. – ECF No. 61.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    either. After the hospital stay, Mr. Wong bought more firearms, and on March 9, 2018, he shot and

2    killed Ms. Golick and Ms. Loeber at The Pathway Home.[4]

3        The plaintiffs filed "[a] case arising from these same underlying facts" in Napa County

4    Superior Court. That case "completely settled as to the State of California defendant."[5]

5        The *Loeber* plaintiffs are Ms. Loeber's surviving father Donald and sister Michelle.[6] The

6    *Golick* plaintiffs are Ms. Golick's surviving spouse Marc and daughter M.[7] In both cases, the

7    plaintiffs sued under the FTCA, 28 U.S.C. §§ 2671–80, and they claim failure to report, warn and

8    protect, Cal. Civ. Code § 43.92, and negligence.[8] Among other forms of relief, they request

9    "special or economic damages."[9]

10       The court has subject-matter jurisdiction under 28 U.S.C. § 1346(b)(1). All parties, including

11   the non-appearing parties, consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[10] The

12   court held a hearing on December 22, 2022.

13

14                              **STANDARD OF REVIEW**

15   **1.   Subject-Matter Jurisdiction — Rule 12(b)(1)**

16       A complaint must contain a short and plain statement of the grounds for the court's

17   jurisdiction. Fed. R. Civ. P. 8(a)(1). The party asserting jurisdiction has the burden of establishing

18   jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Ass'n of Am.*

19   *Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000); *Farmers Ins. Exch. v. Portage*

20   *La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

21       A defendant's Rule 12(b)(1) jurisdictional attack can be facial or factual. *White v. Lee*, 227

22

23

24   [4] *Loeber* FAC – ECF No. 46 at 3–6 (¶¶ 6–14); *Golick* FAC – ECF No. 52 at 2–5 (¶¶ 3, 10–15, 17).

     [5] *Loeber* Stipulation – ECF No. 43 at 2; *Golick* Stipulation – ECF No. 50 at 2.

25   [6] *Loeber* FAC – ECF No. 46 at 2 (¶ 3).

26   [7] *Golick* FAC – ECF No. 52 at 1 (¶ 1).

27   [8] *Loeber* FAC – ECF No. 46 at 6–12 (¶¶ 15–40); *Golick* FAC – ECF No. 52 at 4–8 (¶¶ 16–34).

     [9] *Loeber* FAC – ECF No. 46 at 14; *Golick* FAC – ECF No. 52 at 9.

28   [10] *Loeber* Consents – ECF Nos. 6, 13, 22, 56; *Golick* Consents – ECF Nos. 10, 21.

F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014).

If the defendant mounts a factual attack, it "becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). In such cases, "[t]he district court obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The party opposing a motion to dismiss under Rule 12(b)(1) "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*

Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2.  Failure to State a Claim — Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

Put another way, a complaint must contain sufficient factual allegations that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (a court must accept the fact allegations "as true and construe them in the light most favorable to the plaintiff") (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up). Still, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

## ANALYSIS

There are two issues: whether the plaintiffs must plead that the settlement with the State of California did not make them whole and, in the *Loeber* case, whether the caption must be amended to reflect that only the United States is a proper defendant in an FTCA case.

### 1. Pleading Damages

Preliminarily, the plaintiffs argue that Rule 12(g) bars the government's motions because it previously filed motions to dismiss and did not raise the double-recovery issue.[11] "Except as

---

[11] *Loeber* Opp'n – ECF No. 58 at 13–14; *Golick* Opp'n – ECF No. 64 at 3–4.

1   provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make

2   another motion under this rule raising a defense or objection that was available to the party but

3   omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). But the settlements happened after the

4   last round of motions.[12] Rule 12(g) does not bar the motions.

5       The next issue is whether the plaintiffs must amend their complaint to allege that the

6   settlement with the State of California did not make them whole.[13] The United States contends that

7   they should because Cal. Civ. Proc. Code § 877 precludes double recoveries, the plaintiffs settled

8   with the state, and that offsets their damages and moots them entirely if the settlement made them

9   whole.[14]

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to
> enforce judgment is given in good faith before verdict or judgment to one or more of a
> number of tortfeasors claimed to be liable for the same tort, or to one or more other co-
> obligors mutually subject to contribution rights, it shall have the following effect:
>
> (a) It shall not discharge any other such party from liability unless its terms so provide,
> but it shall reduce the claims against the others in the amount stipulated by the release,
> the dismissal or the covenant, or in the amount of the consideration paid for it,
> whichever is the greater.
>
> (b) It shall discharge the party to whom it is given from all liability for any contribution
> to any other parties.
>
> (c) This section shall not apply to co-obligors who have expressly agreed in writing to
> an apportionment of liability for losses or claims among themselves.

18  Cal. Code Civ. Proc. § 877(a)–(c).

19      FTCA actions are governed by the substantive law of the state in which the alleged tort

20  occurred. 28 U.S.C. § 1346(b)(1); *McGraw v. United States*, 281 F.3d 997, 1003 n.4 (9th Cir.),

21  *amended by* 298 F.3d 754 (9th Cir. 2002). "[S]ection 877 constitutes substantive law." *Mason &*

22  *Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011); *cf. Fed. Sav.*

23

24  [12] *Loeber* Mot. to Dismiss – ECF No. 14 (first Rule 12 motion filed September 13, 2021); *Golick* Mot.

25  to Dismiss – ECF No. 22 (filed September 14, 2021); *Loeber* Stipulation – ECF No. 43 (on October 7, 2022, the parties stipulated to extend the plaintiffs' deadline to file the FAC because of the recent

26  settlement); *Golick* Stipulation – ECF No. 50 (same).

    [13] The court judicially notices the existence of the state complaint and the article but not disputed facts
27  in them. Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

28  [14] *Loeber* Mot. – ECF No. 54 at 13–19; *Golick* Mot. – ECF No. 61 at 12–18.

*United States District Court*
*Northern District of California*

& *Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) ("The [§] 877.6 procedures do not govern a federal action . . . ."). Section 877's purpose "is to preclude a double recovery arising out of the same wrong." *Vesey v. United States*, 626 F.2d 627, 633 (9th Cir. 1980). Section 877 "allows [a defendant] to set off settlement payments only for economic damages." *Greathouse v. Amcord, Inc.*, 35 Cal. App. 4th 831, 838 (1995); *see* Cal. Civ. Code § 1431.2(a). The setoff "applies whenever the acts of multiple defendants have combined to cause one indivisible injury." *Greathouse*, 35 Cal. App. 4th at 840 (cleaned up).

"To determine the setoff, the court must determine the amount of the settlement attributable to economic damages." *Pierson v. Ford Motor Co.*, No. C 06-6503 PJH, 2009 WL 2566950, at *2 (N.D. Cal. Aug. 18, 2009). "[T]he well-established formula" for doing so is to rely on the jury's finding as to "the percentage of the economic damages . . . in relationship to the total award of damages" after a trial against the non-settling defendant. *McComber v. Wells*, 72 Cal. App. 4th 512, 517–18 (1999); *Greathouse*, 35 Cal. App. 4th at 840–41; *C.B. v. City of Sonora*, 769 F.3d 1005, 1032 (9th Cir. 2014).

As the plaintiffs contend, and as California courts' "well-established formula" for determining the § 877 offset shows, it is premature to decide the offset's effect at the pleading stage.[15] The amount of damages is not known until later in the case. At the pleading stage, deciding whether the plaintiffs are seeking an improper double recovery "[w]ould require the [c]ourt to speculate." *Lintz v. Bank of Am., N.A.*, No. 5:13-cv-01757-EJD, 2013 WL 5423873, at *5 (N.D. Cal. Sept. 27, 2013); *see also Hoch v. Allied-Signal, Inc.*, 24 Cal. App. 4th 48, 67–68 (1994) (where multiple defendants contributed to the plaintiff's injury, the amount of a settlement with only one defendant "may be more or less than . . . the plaintiff's damages") (cleaned up). Moreover, "[t]he precise dollar value of [damages] is not required at pleading." *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 625 (N.D. Cal. 2011) (cleaned up); *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 761 F.2d 553, 557 (9th Cir. 1985) ("[c]ompensatory damages were sufficiently pleaded" where "past and

---

[15] *Loeber* Opp'n – ECF No. 58 at 16–17; *Golick* Opp'n – ECF No. 64 at 5.

United States District Court
Northern District of California

future damages" were requested). Thus, the court denies the motions to dismiss the damages claims.

The United States cites two cases for the proposition that "the settling parties — including [the] [p]laintiffs — bear the burden of establishing the settlement and allocating that amount to particular types of damages." *Arbuthnot v. Relocation Realty Serv. Corp.*, 227 Cal. App. 3d 682, 690 (1991); *Regan Roofing Co. v. Super. Ct.*, 21 Cal. App. 4th 1685, 1704 (1994). That may be true in the context of good-faith settlement determinations under Cal. Civ. Proc. Code § 877.6, but it does not mean that the plaintiffs must plead § 877 in their complaint.

The government adds that at the very least, the court should not let discovery go forward until the § 877 issue is resolved.[16] Certainly issues of proportionality affect discovery. But the issue is not resolvable through an attack on the pleadings.

### 2. *Loeber* Defendants

The court previously dismissed all defendants other than the United States because the United States is the only proper defendant.[17] The *Loeber* FAC still includes individual defendants' names in the caption and refers to Doe defendants in the text.[18] The plaintiffs do not meaningfully counter the United States' contention that it is the proper defendant and instead assert only that the United States should be substituted for the individuals.[19] The court dismisses the individual federal employees, including the Doe defendants, with prejudice, and it will amend the caption to dismiss all defendants except the United States. *See, e.g.*, *Freeman v. United States*, No. 13-cv-02421-WHO, 2014 WL 1117619, at *5 (N.D. Cal. Mar. 19, 2014).

---

[16] *Loeber* Mot. – ECF No. 54 at 14; *Golick* Mot. – ECF No. 61 at 13.

[17] *Loeber* Order – ECF No. 26 at 2 n.1.

[18] *Loeber* FAC – ECF No. 46 at 1.

[19] *Loeber* Opp'n – ECF No. 58 at 5–6.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### CONCLUSION

The court grants the motion to dismiss the federal employees with prejudice and otherwise denies the motion to dismiss. This resolves ECF Nos. 54 (*Loeber*, No. 21-cv-03866-LB) and 61 (*Golick*, No. 21-cv-03870-LB).

**IT IS SO ORDERED.**

Dated: December 29, 2022

_____

LAUREL BEELER
United States Magistrate Judge