UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DONALD LOEBER and MARIE LOEBER by and through her successor in interest, MICHELLE LOEBER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 21-cv-03866-LB<br><br>**DISCOVERY ORDER**<br><br>Re: ECF Nos. 87–88 |

## INTRODUCTION

In March 2018, Albert Wong — a combat veteran suffering from severe mental-health issues — shot and killed two therapists, Jennifer Golick and Christine Loeber, at The Pathway Home, a residential-treatment program at the veterans' home in Yountville, California. In two separate lawsuits, *Loeber v. United States* and *Golick v. United States*, members of the therapists' families sued the United States under the Federal Torts Claims Act (FTCA) for failure to report, warn, and

1    protect and negligence.[1] In a third lawsuit in state court, the plaintiffs settled with the State of

2    California.[2]

3        The parties in *Loeber* have two discovery disputes. The plaintiffs dispute that they must

4    produce certain documents from their settlement with the state and that they must answer, at least

5    at this stage, certain interrogatories that they contend are contention interrogatories. The court can

6    decide the dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court orders the

7    production but holds that the plaintiffs may wait to answer the interrogatories at issue.

8

9                                    **STATEMENT**

10   **1.  Factual Background and Relevant Procedural History**

11       Mr. Wong was an "Army combat veteran suffering from severe mental injuries and PTSD." In

12   April 2017, he became a resident at The Pathway Home. Ms. Loeber was the Executive Director

13   there. In December 2017, while hospitalized at the San Francisco VA Medical Center for mental-

14   health problems, Mr. Wong allegedly told hospital employees (who are United States employees)

15   that he had firearms. He also "expressed homicidal thoughts" towards Ms. Loeber. No one told her

16   about the threats or Mr. Wong's possession of firearms. Instead, she were told that Mr. Wong "did

17   not pose an immediate threat to himself or others." No one told local law enforcement about the

18   threats either. After the hospital stay, Mr. Wong bought more firearms, and on March 9, 2018, he

19   shot and killed Ms. Loeber at The Pathway Home.[3]

20       The plaintiffs filed "[a] case arising from these same underlying facts" in Napa County

21   Superior Court. That case "completely settled as to the State of California defendant."[4] In a

22   previous motion to dismiss in this case, the United States pointed out that because Cal. Civ. Proc.

23   Code § 877 precludes double recoveries from alleged joint tortfeasors (here, the State of California

24

25   [1] *Loeber* First Am. Compl. (FAC), No. 21-cv-03866-LB – ECF No. 46; *Golick* FAC, No. 21-cv-03870-
     LB – ECF No. 52. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to
26   the ECF-generated page numbers at the top of documents.

27   [2] *Loeber* Stipulation – ECF No. 43; *Golick* Stipulation – ECF No. 50.

     [3] FAC – ECF No. 46 at 3–6 (¶¶ 6–14).

28   [4] Stipulation – ECF No. 43 at 2.

United States District Court
Northern District of California

and the United States), the plaintiffs' claim for damages in this case would be mooted entirely if their settlement with the State of California made them whole. The United States also asked for the § 877 issue to be resolved before discovery went forward. The court declined to require the plaintiffs' complaint to address the § 877 issue, declined to pause discovery, noted that § 877 applies only to economic damages, and noted that issues of proportionality affect discovery.[5]

The *Loeber* plaintiffs are Ms. Loeber's surviving father Donald and sister Michelle.[6] The plaintiffs sued under the FTCA, 28 U.S.C. §§ 2671–80, and they claim failure to report, warn and protect, Cal. Civ. Code § 43.92, and negligence.[7] Among other forms of relief, they request "special or economic damages."[8]

The court has subject-matter jurisdiction under 28 U.S.C. § 1346(b)(1). All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[9]

## 2. Discovery Disputes

The parties now have two discovery disputes. First, they dispute whether eight of the United States' interrogatories are contention interrogatories that the plaintiffs need not answer until near the end of discovery. The plaintiffs also contend that the United States has exceeded the twenty-five-interrogatory limit.[10] Second, the parties dispute whether the plaintiffs must produce certain documents related to their settlement with the State of California: the settlement agreement, the state's payee data record, and an order modifying the settlement agreement.[11]

---

[5] Order – ECF No. 64 at 5–8.

[6] FAC – ECF No. 46 at 2 (¶ 3).

[7] *Id.* at 6–12 (¶¶ 15–40).

[8] *Id.* at 14.

[9] Consents – ECF Nos. 6, 13, 22, 56.

[10] Disc. Letter Br. – ECF No. 87.

[11] Disc. Letter Br. – ECF No. 88.

United States District Court
Northern District of California

**ANALYSIS**

The first issue is whether the United States' interrogatories numbered three and ten through sixteen are contention interrogatories such that the plaintiffs are not required to respond until discovery is almost complete. The plaintiffs also generally contend that the interrogatories are not proportional, although their proposed compromise is that they will amend their responses at the appropriate time.[12]

Contention interrogatories are governed primarily by Rule 33(a)(2):

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2).

"Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken." *In re eBay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008). "In fact, courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete." *Id.* Thus, as a general rule, a party moving to compel responses to contention interrogatories at an early stage in litigation must show that the responses would "contribute meaningfully" to one of the following: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56. *In re Convergent Techs. Secs. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985); *Nitride Semiconductors v. Rayvio*, No. 17-cv-2952-EJD (SJK), 2017 U.S. Dist. LEXIS 206011, at *4 (N.D. Cal. Dec. 14, 2017). "These guidelines are not to be applied rigidly, and so any decision must be made on a case by case basis." *HTC Corp. v. Tech. Props. Ltd.*, No. C 08–00882 JF (HRL), 2011 WL 97787, *2 (N.D. Cal. Jan. 12, 2011); *see eBay Seller*, 2008 WL 5212170, at *1 & n.3 (acknowledging "non-rigid rule"). The requesting party has the "burden of

---

[12] Disc. Letter Br. – ECF No. 87.

justification" to overcome the "general policy [] to defer propounding and answering contention interrogatories until near the end of the discovery period." *Convergent Techs.*, 108 F.R.D. at 337.

Although the interrogatories at issue mostly do not ask the plaintiffs to state the content of an opinion or contention, they do ask for the facts that support particular contentions.[13] Courts consider that sort of interrogatory to be a contention interrogatory. *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) ("[C]ontention interrogatories . . . seek to discover the factual basis for allegations in a complaint."); *TV Interactive Data Corp. v. Sony Corp.*, No. C 10-475 PJH MEJ, 2012 WL 1413368, at *3 (N.D. Cal. Apr. 23, 2012). Even to the extent they technically are not contention interrogatories — for example, the tenth interrogatory asks the plaintiffs to "identify each person who [the] [p]laintiffs contend should have reported any threat made by Albert Wong to their decedent and law enforcement"[14] — they still are logically answered towards the end of discovery. At that point, the plaintiffs will have a more complete picture of who they think "should have" reported the threats. The court thus allows the plaintiff to wait until discovery is almost complete to answer the interrogatories at issue. Any further disputes can be raised at the appropriate time (but the court doubts that the interrogatories are not proportional).

The plaintiffs also contend that the United States' sixteenth interrogatory contains enough "discrete subparts" that the United States has exceeded its twenty-five-interrogatory limit under Federal Rule of Civil Procedure 33. That interrogatory asks the plaintiffs to identify the facts, people, and documents related to their denials of the United States' requests for admission (but the United States proposes to limit the interrogatory to six of the requests for admission).[15]

---

[13] *See, e.g.*, *id.* at 2 (the third interrogatory asks for "each and every act or omission by [the United States] that [the plaintiffs] contend was negligent and caused or contributed to their decedent's death"), 5 (the thirteenth and fourteenth interrogatories together ask for "all facts supporting [the plaintiffs'] contention that the failure to report a threat made by Albert Wong to their decedent and law enforcement caused their decedent's death").

[14] *Id.* at 3.

[15] *Id.* at 7–8.

United States District Court
Northern District of California

1    A party can serve more than twenty-five interrogatories, "including all discrete subparts," only

2    if the parties so stipulate or the court grants leave to do so. Fed. R. Civ. P. 33(a)(1). The court can

3    grant leave "to the extent consistent with Rule 26(b)(1) and (2)." *Id.* The advisory committee notes

4    confirm that "leave to serve additional interrogatories is to be allowed when consistent with Rule

5    26(b)(2)" and "[t]he aim is not to prevent needed discovery." *Id.*, Advisory Committee Notes

6    (1993 Amendment). Thus, if interrogatories are relevant and proportional, they must be answered.

7    "There is a strong presumption that each underlying request for admission constitutes a

8    separately countable subpart." *Colony Ins. Co. v. Mt. Hawley Ins. Co.*, No. 18-cv-00519-SI, 2018

9    U.S. Dist. LEXIS 197157, at *2 (N.D. Cal. Nov. 19, 2018) (cleaned up). "An interrogatory that

10   asks the responding party to state facts, identify witnesses, or identify documents supporting the

11   denial of each request for admission contained in a set of requests for admissions usually should

12   be construed as containing a subpart for each request for admission contained in the set." *Id.*; *see*

13   *also NAACP of San Jose/Silicon Valley v. City of San Jose*, No. 21-cv-01705-PJH, 2022 WL

14   17436497, at *7 (N.D. Cal. Dec. 6, 2022) ("an interrogatory seeking the factual basis for request-

15   for-admission denials is properly treated as a compound interrogatory"); *Byard v. City and Cnty. of*

16   *San Francisco*, No. 16-cv-00691-WHA (DMR), 2017 WL 988497, at *3 (N.D. Cal. Mar. 15, 2017)

17   ("As to the interrogatory, the court finds that it contains a separately countable subpart for each

18   admitted RFA under Rule 33.").

19   Here, the interrogatory covers six requests for admission, so it amounts to six interrogatories

20   under Rule 33. That means the United States has not exceeded its interrogatory limit because it has

21   served twenty-two interrogatories on Donald Loeber and twenty-three on Marie Loeber.[16]

22   The second issue is whether the plaintiffs must produce the settlement agreement, the state's

23   payee data record, and a court order modifying the settlement agreement. (The United States'

24   document requests appear to ask for more settlement documents than just those three, but in the

25   discovery letter, the United States limited its request to those three.) The plaintiffs contend that the

26   documents are irrelevant (because, they say, the state case was a premises-liability case and the

27   ───────────────

28   [16] *Id.* at 7.

settlement was for noneconomic damages only) and privileged (under Federal Rule of Evidence 403).[17]

As for the rules of evidence, one cannot "conflate the standard for admissibility with the standard for discoverability." *Doe v. Gill*, No. C 11-04759 LB, 2012 WL 1458182, at *3 (N.D. Cal. Apr. 26, 2012); *Fed. Trade Comm'n v. DIRECTV, Inc.*, No. 15-CV-01129-HSG(MEJ), 2015 WL 8302932, at *3 (N.D. Cal. Dec. 9, 2015). "The records sought by [the United States] are relevant, so they are discoverable." *Id.* They are relevant especially because of § 877, which applies as substantive law in this case. And although the plaintiffs argue that the settlement was for noneconomic damages only, that is a contention that may be tested.

## CONCLUSION

The plaintiffs must produce the three settlement documents at issue, but they may wait to respond fully to the contention interrogatories. This resolves ECF Nos. 87 and 88.

**IT IS SO ORDERED.**

Dated: July 24, 2023

_____
LAUREL BEELER
United States Magistrate Judge

---

[17] Disc. Letter Br. – ECF No. 88.