1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
3  MICHELLE LO (NYRN 4325163)
   Chief, Civil Division
4  DOUGLAS JOHNS (CABN 314798)
   Assistant United States Attorney
5
      150 Almaden Boulevard, Suite 900
6     San Jose, California 95113
      Telephone: (415) 846-8947
7     FAX: (408) 535-5081
      Douglas.Johns@usdoj.gov
8
   Attorneys for Defendant
9  UNITED STATES OF AMERICA
10
11                   UNITED STATES DISTRICT COURT
12                   NORTHERN DISTRICT OF CALIFORNIA
13                      SAN FRANCISCO DIVISION
14

| | |
|---|---|
| DONALD LOEBER and MARIE LOEBER by and through her Successor In Interest, MICHELLE LOEBER,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 3:21-CV-03866-LB<br><br>**DECLARATION OF STEPHANIA GRIFFIN IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS**<br><br>Date:         July 18, 2024<br>Time:        9:30 a.m.<br>Courtroom:  Courtroom B – 15th Floor<br><br>Honorable Laurel Beeler<br>United States Magistrate Judge |

I, Stephania H. Griffin, J.D. declare as follows:

1. I am over the age of eighteen.

2. I have personal knowledge of the facts stated herein, and if called to testify with respect thereto, could, and would, do so competently under oath.

3. I am currently employed by the United States Department of Veterans Affairs ("VA"). The VA is divided into three components, and I work for the Veterans Health Administration ("VHA"). Generally speaking, VHA is responsible for the medical care and treatment of veterans. VHA would also be responsible for the types of reporting and disclosures that Plaintiffs, Marc Golick, M.G., Donald Loeber, and Michelle Loeber (collectively, "Plaintiffs"), allege should have been made to third parties and law enforcement.

4. I have been employed by VHA, one of the components of the VA, for approximately the last 31 years.

5. I currently serve as VHA's Director of the Information Access and Privacy Office and Chief Privacy Officer. I have extensive knowledge of VHA's privacy policies, procedures, and practices.

6. I have a Bachelor of Science in Health Information Management and a Juris Doctor. I am a Certified Information Privacy Manager (CIPM) from the International Association of Privacy Professionals (IAPP) and have been the Privacy Officer for VHA since November 1999.

7. I have been provided a copy of the First Amended Complaints filed by Plaintiffs. Based on my review of the First Amended Complaints, I understand that Plaintiffs have filed two lawsuits based on a shooting that occurred in March of 2018 in Yountville, California. The alleged shooter, Albert Wong, was a veteran.

8. Based on the information available to me, Albert Wong received medical treatment and care from the VA's health care providers from the San Francisco VA Health Care System before the shooting.

///

///

**DECLARATION OF STEPHANIA GRIFFIN IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS; CASE NO.: 3:21-CV-03866-LB**

1

9. VHA establishes and publishes Directives for the VA's medical facilities across the United States. A VHA Directive establishes VHA's national policy. Directives are applied across VHA and the VA's medical facilities. All of VHA's Directives can be found on the VA's website by following the link below:

https://www.va.gov/vhapublications/publications.cfm?Pub=1

10. VHA is a national health care provider. VHA has VA medical facilities in all fifty states. VHA has a national standard of practice for health care professionals across all of its medical facilities. VHA strives to provide the same comprehensive health care to veterans in all states and across all of its facilities. A health care professional does not have to be licensed in a particular state to work in a VA medical facility in that state. Sometimes, as a result, there are conflicts between VHA's national standards of practice and a state's local laws, rules, regulations, or requirements. VHA's national standards preempt state and local laws, rules, regulations, or requirements pursuant to such laws that conflict with the practice of health care professionals employed by the VA.

11. On April 21, 2020, VHA issued VHA Directive 1899 memorializing VHA's intention to provide a national standard of practice. See Exhibit B attached hereto, which is a true, correct, and complete copy of VHA Directive 1899.

12. On August 30, 2023, VHA issued VHA Directive 1900(3), which was later amended on April 2, 2024. VHA Directive 1900(3) rescinds and replaces VHA Directive 1899. VHA Directive 1900(3) explains, among other things, when state laws, rules, regulations, or requirements are preempted by VHA's national standards of practice. See Exhibit A attached hereto, which is a true, correct, and complete copy of VHA Directive 1900(3).

13. As the Chief Privacy Officer for VHA, I am responsible for, among other things, ensuring that VA medical facilities, which are under the jurisdiction of VHA as codified under 38 United States Code (U.S.C.) Chapter 17, comply with the privacy Directives prescribed by the VA and VHA. I am also responsible for ensuring that VA medical facilities implement privacy programs to comply with applicable federal privacy laws and regulations.

**DECLARATION OF STEPHANIA GRIFFIN IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS; CASE NO.: 3:21-CV-03866-LB**

2

14. The current responsibilities of the VHA Chief Privacy Officer are set forth in VHA Directive 1605 and VHA Directive 1605.01, dated July 24, 2023. My general responsibilities include, but are not limited to, issuing VHA-wide privacy policies and procedures for implementation of the national VHA Privacy Program; developing, issuing, reviewing, and coordinating privacy policy for VHA in conjunction with policy efforts by the VA; and issuing direction to the VA Medical Facility Privacy Officers regarding all aspects of implementing the VHA Privacy Program.

15. The VA's mission is to care for those "who shall have borne the battle" and for their families, caregivers, and survivors. The VA's mission can be found on its website by following the link below:

https://www.va.gov/icare/#:~:text=Our%20mission%2C%20as%20the%20Department,actions%20toward%20service%20to%20others.

16. The VA strives to care for all United States veterans. Veterans can present unique and difficult medical challenges arising out of their prior service to the United States of America.

17. The VA is the leader in caring for veterans who served the United States of America. The VA provides, among many things, medical care and benefits to veterans.

18. The VA strives to protect a veteran's private and confidential health information as prescribed in federal laws and regulations. The VA strives to protect a veteran's privacy rights.

19. The VA protects individually-identifiable information from inappropriate reporting and disclosure. Under the VHA Directives in force at the time of the shooting, individually-identifiable information includes "any information pertaining to an individual that is retrieved by the individual's name or other unique identifier, as well as individually-identifiable health information. See VHA Directive 1605.01(dd) (2016). "Individually-identifiable health information" includes "demographic information collected from an individual that: (1) is created or received by a health care provider, health plan, or health care clearinghouse (e.g., a HIPAA-covered entity, such as VHA); (2) relates to the past, present, or future physical or mental condition of an individual, or provision of or payment for health care to an individual; and (3) identifies the individual or where a reasonable basis exists to believe the information can be used to identify the individual." *See* VHA Directive 1605.01(ee) (2016).

20. The VA also protects "personally identifiable information," or "PII," from inappropriate reporting and disclosure. Under the VHA Directives in force at the time of the shooting, "personally identifiable information" is "any information that can be used to distinguish or trace an individual's identity, such as their name, social security number, biometric records, etc. alone, or when combined with other such personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name, etc." See VHA Directive 1605.01(ss) (2016).

21. Finally, the VA protects "protected health information," or "PHI," from inappropriate reporting or disclosure. PHI is "individually-identifiable health information transmitted or maintained in any form or medium by a covered entity, such as VHA." See VHA Directive 1605.01(vv) (2016).

22. The VA, including VHA, will only release a veteran's private and confidential health information, PII, or PHI if the release, reporting, or disclosure of that information is authorized by federal law and regulations and as prescribed in its Directives.

23. The VA, including VHA, also will only allow the release of a veteran's private and confidential health information, PII, or PHI if the release or disclosure of that information aligns with all of the applicable federal privacy laws, regulations, and the Directives. For example, if disclosure would be authorized under the Privacy Act of 1974, but not the Health Insurance Portability and Accountability Act ("HIPAA") and the Directives, disclosure or reporting would be prohibited.

24. To illustrate, at one point, the VA issued a Directive called "Sexual Assaults and Other Defined Public Safety Incidents in Veterans Health Administration (VHA) Facilities," VHA Directive 2012-026. Any reporting or disclosure under VHA Directive 2012-026 must align with all of the applicable federal privacy laws, regulations, and the Directives including, but not limited to, VHA Directive 1605.01.

25. VHA is a single legal entity, and VHA qualifies as a "covered entity" under HIPAA. All VHA employees are part of the HIPAA covered entity. All VHA employees are subject to applicable federal privacy laws, regulations, and VHA Directives including, but not limited to, HIPAA.

///

///

**DECLARATION OF STEPHANIA GRIFFIN IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS; CASE NO.: 3:21-CV-03866-LB**

26.     At the time of the incident at issue in the lawsuit, neither the VA nor VHA had a policy, guideline, or regulation compelling it to proactively, or upon its own initiative, disclose a veteran's PII or PHI or his or her private, confidential health information to a state law enforcement agency or report a veteran to a state law enforcement agency if that reporting disclosed private, confidential health information, PII, or PHI.

27.     Section 2 of VHA Directive 1605.01, dated August 31, 2016, identifies the six statutes and their implementing VA regulations that govern the collection, maintenance, and release of a veteran's records and information. See Exhibit C attached hereto, which is a true, correct, and complete copy of VHA Directive 1605.01. VHA Directive 1605.01, dated August 31, 2016, complies with the federal regulations governing the VA. Any reference to VHA Directive 1605.01 is to the August 31, 2016 version unless otherwise notated.

28.     State laws, regulations, and reporting requirements are not listed as one of the six Statutes in Section 2 of VHA Directive 1605.01. Ex. C, VHA Directive 1605.01, § 2, Background. Under VHA Directive 1605.01, and as described below in Section 17 and Section 21, the VA, including VHA, retains discretion about whether to comply with state laws, regulations, and reporting requirements.

29.     VHA has VA medical facilities across the United States including, but not limited to, in the State of California.

30.     All of the VA medical facilities are governed by VA regulations and VHA Directives.

31.     The VA medical facilities are able to supplement the VHA Directives with their internal policies. However, the VA medical facilities cannot prescribe a policy or a procedure that conflicts with, or violates, federal law, a VA regulation, or a VHA national Directive such as VHA Directive 1605.01.

///
///
///
///
///

**DECLARATION OF STEPHANIA GRIFFIN IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS; CASE NO.: 3:21-CV-03866-LB**

5

32. As set forth in VHA Directive 0999, VHA Policy Management, "[a]ll VA employees must follow VHA national policy," and "VHA national policy must be relied upon directly and local policy must be developed by exception." VHA Directive 0999, VHA Policy Management. If a VA medical facility's policy or procedure conflicts with, or violates, federal law, a VA regulation, or a VHA national Directive, VHA Directive 1605.01 would continue to govern the release of a veteran's PII or PHI to any third party or law enforcement, including at the time of the shooting at issue in this case.

33. In addition to VHA Directives, the VA medical facilities must comply with federal laws and regulations including, but not limited to, the Privacy Act of 1974 and HIPAA.

34. VHA, as a health plan and health care provider, is a HIPAA Covered Entity and any private, confidential medical information in VHA's possession on a patient is considered protected health information or PHI. VHA considers information a veteran communicates during his or her medical treatment or care to a medical provider to be protected PHI.

35. Based on the type of information Plaintiffs allege that Albert Wong made to VHA's employees during his alleged treatment, care, and hospitalization, VHA would consider those communications to be protected PHI.

36. The HIPAA Privacy Rule, 45 CFR Parts 160 and 164, protects a veteran's privacy rights. However, there are more stringent federal privacy laws and regulations applicable to VHA, such as the Privacy Act and 38 U.S.C. §§ 5701, 7332, that provide stricter guidelines about the release and disclosure of a veteran's PII or PHI. VHA Directive 1605.01, provides comprehensive policy for conformance with the legal requirements for collecting, using and disclosing PII, including protected health information, and the appropriate handling of individuals' privacy rights regarding PII based on the analysis of all applicable Federal privacy laws and regulations, resolving conflicts in favor of applying the most stringent requirements. Ex. C, VHA Directive 1605.01, § 1, Purpose.

37. VHA Directive 1605.01 would have governed the potential release of Albert Wong's health information based on the date that the incident occurred. VHA Directive 1605.01 also would have governed the release of Albert Wong's PII and other PHI. VHA Directive 1605.01 would have governed the reporting of Albert Wong's health information, PII, and PHI to law enforcement.

38.     VHA Directive 1605.01 was amended in 2023, which is after the time of the shooting in this case. The amendments were to address changes to 38 U.S.C. § 7332 as a result of the MISSION Act of 2018 and to address new formatting requirements. None of the amendments affect VHA policy for release or disclosure of veterans' PII or PHI to a state agency for a state statute or regulation.

39.     Section 17 of VHA Directive 1605.01 prescribes when the VA may disclose "individually-identifiable health information" when that disclosure is required by law. A true and correct copy of Section 17 is attached as Exhibit D. (§ 17(c)(1)-(2)). Section 17 states that VHA "may disclose individually-identifiable health information without an individual's signed, written authorization when mandated or required by law, e.g., statute, regulation, FOIA, court order, and when there is appropriate authority under Privacy Act and the 38 U.S.C 5701 and 7332, if applicable." Ex. D. VHA Directive 1605.01, § 17(c)(2).

40.     Under VHA Directive 1605.01 including Section 17, the VA retains discretion over whether to comply with a state law or regulation including, reporting or disclosure requirements when legal authority exists to make the disclosure under the HIPAA Privacy Rule, Privacy Act and 38 U.S.C. §§ 5701, 7332. Absent a mandatory internal policy, or a law enacted by Congress, the VA retains discretion about whether to disclose or report a veteran's PII or PHI to a state agency. And absent a mandatory internal policy or a law enacted by Congress, the VA has discretion to disclose.

41.     The VA complies with state statutes and regulations when the United States Congress has enacted additional laws compelling it to make certain disclosures. Additionally, the VA complies with state statutes and regulations under an exercise of discretion as long as that exercise of discretion is consistent with federal laws and regulations.

42.     Congress requires that the VA disclose certain information about prescription medicines, infection with HIV, and child abuse. As one example, 38 U.S.C. § 5701(*l*)(1) states, "[u]nder regulations the Secretary shall prescribe, the Secretary shall disclose information about a covered individual to a State controlled substance monitoring program, including a program approved by the Secretary of Health and Human Services under section 399O of the Public Health Service Act (42 U.S.C. 280g–3), to the extent necessary to prevent misuse and diversion of prescription medicines."

**DECLARATION OF STEPHANIA GRIFFIN IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS; CASE NO.: 3:21-CV-03866-LB**

7

43. In addition, 38 U.S.C. 7332(b)(2)(G) states content of records may be disclosed by the Secretary to a State controlled substance monitoring program to the extent necessary to prevent misuse and diversion of prescription medicines. Congress amended the statutes in order for VHA to provide health information to State Prescription Drug Monitoring Programs in support of 42 U.S.C. § 280g–3 - Prescription drug monitoring program.

44. Absent an internal VA policy that does not conflict with VHA Directive 1605.01, or explicit authority from Congress, a state cannot compel the VA to report or disclose a veteran's private and confidential medical information or a veteran's PII or PHI.

45. Section 21 of VHA Directive 1605.01 governs disclosures or reports to "Law Enforcement Entities," including "Federal, State, county, local, or Tribal law enforcement entities, agencies, authorities, or officials." A true and correct copy of Section 21 is attached as Exhibit E (§ 21). Section 21 states that "[i]ndividually-identifiable information, excluding 38 U.S.C. 7332-protected information, may be disclosed to officials of any criminal or civil law enforcement governmental agency or any official instrumentality charged under applicable law with the protection of public health or safety in response to standing written request letters." Ex. E. VHA Directive 1605.01, § 21(b)(1).

46. VHA regularly receives "Standing Requests" from states requesting that VA medical facilities comply with certain state laws and regulations.

47. For a typical Standing Request, the state requests that the VA medical facility named in the Standing Request disclose or report certain information about a veteran. Sometimes, the state even acknowledges that VHA's disclosure of a veteran's PHI is discretionary or voluntary.

48. When VHA discloses or reports a veteran's PII or private, confidential medical information pursuant to a Standing Request, VHA makes that disclosure "voluntarily." Ex. E, VHA Directive 1605.01, § 21(b)(2).

49. Section 21 expressly states that when VHA makes disclosures pursuant to state law enforcement reporting requirements, it is doing so "voluntarily" and by exercising its discretion. Ex. E, VHA Directive 1605.01, § 21(b)(2).

50. VHA has specific requirements for state agencies sending it Standing Requests. Ex. E, VHA Directive 1605.01, § 21(b)(3)-(4).

51. VA medical facilities retain discretion about whether to respond to a Standing Request that complies with 38 U.S.C. § 5701(f)(2). A VA medical facility shall not respond to a Standing Request received that does not comply with 38 U.S.C. § 5701(f)(2) nor shall it comply with a Standing Request directed to and received by a different VA medical facility. The Medical Center Director of one VA medical facility cannot bind or agree to actions on behalf of the Medical Center Director of another VA medical facility.

52. I am not personally aware of the San Francisco VA Health Care System receiving a 5701-compliant Standing Request from the State of California pertaining to making certain disclosures to law enforcement entities that would have been in effect at the time of the incident. Even if the San Francisco VA Health Care System received a 5701-compliant Standing Request from the State of California before the incident, it would retain the discretion about whether to respond to it under VHA Directive 1605.01. Ex. E, VHA Directive 1605.01, § 21(b)(2).

53. Section 21 of VHA Directive 1605.01 also provides the process for disclosure based on a specific criminal activity request. It provides that a specific criminal activity request is different from routine disclosures such as those made to state agencies. To my knowledge, VHA did not receive a specific criminal activity request for Albert Wong.

54. Section 21 states that "VHA may disclose individually-identifiable information, excluding 38 U.S.C. 7332-protected information, in response to a request received from a law enforcement agency (e.g., Federal Bureau of Investigation, local Police Department) when such a request is for information needed in the pursuit of a focused (individual specific or incident specific) activity such as a civil or criminal law enforcement investigation authorized by law." Ex. E, VHA Directive 1605.01, § 21(c).

///

///

///

**DECLARATION OF STEPHANIA GRIFFIN IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS; CASE NO.: 3:21-CV-03866-LB**

9

55. Under VHA Directive 1605.01 and Section 21, disclosure for a specific criminal activity request is discretionary and voluntary. Ex. E, VHA Directive 1605.01, § 21(c). VHA, including VA medical facilities under its jurisdiction, do not have to make the disclosure or report any information to local law enforcement under privacy requirements but may still have to process the request under the Freedom of Information Act (FOIA). To my knowledge, VHA did not receive a Freedom of Information Act request about Albert Wong prior to the incident.

56. For specific criminal activity requests, the VA must receive a written request that complies with VHA Directive 1605.01. Ex. E, VHA Directive 1605.01, § 21(c)(1). However, even when the VA receives a specific criminal activity request, it has the discretion pursuant to Section 21 of VHA Directive 1605.01 to comply with the request under privacy requirements but may be required to process under FOIA if deemed a perfected FOIA request.

57. Section 21 also provides the process for disclosing or reporting information about a veteran based on a serious and imminent threat to a person or the public. Section 21 states "VHA may disclose individually-identifiable information, excluding health information, to law enforcement agencies (e.g., Federal, State, local, or Tribal authorities) charged with the protection of the public health for reporting a serious and imminent threat to the health and safety of an individual or the public without a standing written request letter or written request if, upon such disclosure, notification is transmitted to the last known address of the individual to whom the information pertains." Ex. E, VHA Directive 1605.01, § 21(g)(1).

58. Section 21 prohibits the VA from making a disclosure or reporting to "prevent or lessen a serious and imminent threat if the information was learned in the course of treatment to affect the propensity to commit the criminal conduct or through a request by the individual to initiate or to be referred for treatment, counseling, or therapy for the criminal conduct." Ex. E, VHA Directive 1605.01, § 21(g)(5).

///

///

///

**DECLARATION OF STEPHANIA GRIFFIN IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS; CASE NO.: 3:21-CV-03866-LB**

59. Section 21 states the factors that VHA may consider when making a discretionary disclosure or report because of a serious and imminent threat under Section 21. For example, VHA may consider whether the law enforcement agency is reasonably able to prevent or lessen the threat. Ex. E, VHA Directive 1605.01, § 21(g)(2).

60. Under VHA Directive 1605.01 and Section 21, the VA makes serious and imminent threat disclosures voluntarily, and it has the discretion to make such a disclosure. Ex. E, VHA Directive 1605.01, § 21(g). If the VA exercises this discretion, it must notify the veteran in writing of a serious and imminent threat disclosure when the veteran PII or PHI disclosed is covered under a Privacy Act system of records, such as health information in a medical record, per 5 U.S.C. § 552a(b)(8) and 38 CFR 1.576. VHA may consider the effect of notifying the veteran when deciding whether to disclose information about him or her.

61. VHA through the VHA Privacy Office within the Information Access and Privacy Office issued a "Privacy Fact Sheet" that was in effect at the time of the shooting about disclosures arising out of a veteran making a serious threat to the health or safety of others. The Privacy Fact Sheet was issued in August of 2009 and revised in December of 2010. A true and correct copy of that Privacy Fact Sheet is attached as Exhibit F.

62. Like VHA Directive 1605.01, the Privacy Fact Sheet states that VHA "may disclose" individually-identifiable health information pursuant to some federal laws and regulations. Ex. F.

63. The Privacy Fact Sheet states that the veteran must be notified if VHA decides to make a disclosure for a serious threat under some federal statutes such as the Privacy Act. Ex. F.

64. VHA, including VA medical facilities under its jurisdiction, regularly exercises its discretion and discloses some private and confidential health information about veterans to comply with a state law or reporting requirements when legal authority under all applicable federal privacy laws and regulations exist.

///

///

///

65. As one example, and as set forth in VHA Directive 1131, "Management of Infectious Diseases and Infection Prevention and Control Programs," VA medical facilities make certain disclosures about veterans that relate to infectious diseases. VHA Directive 1131 states that "[w]hile the reportable disease laws of States or territories do not apply to Federal entities, including VHA, VHA has voluntarily chosen to report reportable infectious diseases when legally permitted as a measure of sound public health practice." VHA Directive 1131, Appendix B, § 3. When a VA medical facility receives a 5701-compliant Standing Request from a State Department of Health for reporting infectious diseases, such as tuberculosis, the facility will report positive test results to the state. VHA Directive 1131.

66. When the VA decides whether to release a veteran's PII, PHI, or private, confidential, medical information when legal authority for release exists, the VA still considers a veteran's privacy and protecting a veteran's privacy rights. The VA believes that protecting a veteran's privacy and his or her privacy rights is important and critical to receiving appropriate medical care.

67. The VA must protect a veteran's privacy and his or her privacy rights under federal law, federal regulations, and its Directives and must only release or disclose a veteran's PII or PHI with legal authority under all applicable federal privacy laws and regulations.

68. As set forth in VHA Directive 1605.01 and specifically in Section 21, when the VA decides whether to release a veteran's PII or private, confidential medical information when legal authority for release exists, the VA may consider public health and safety. Ex. E, VHA Directive 1605.01, § 21(g). The VA may consider the health and safety of the veteran as well as the health and safety of the public. Ex. E. VHA Directive 1605.01, § 21(g)(2).

69. When the VA decides whether to release a veteran's PII or private, confidential medical information when legal authority for release exists, the VA considers its resources and the allocation of its available resources. The VA receives many requests to disclose information across the United States. The VA makes decisions about discretionary disclosures based on its resources and available resources as an organization. Sometimes, a certain VA medical facility may not have the resources to make discretionary disclosures.

**DECLARATION OF STEPHANIA GRIFFIN IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS; CASE NO.: 3:21-CV-03866-LB**

70. For example, and more recently, states requested that VHA disclose the results of negative COVID-19 tests in addition to positive COVID-19 test results. VHA exercised its discretion and declined to disclose negative COVID-19 test results because it did not have the available resources.

71. When the VA considers a veteran's privacy and whether to disclosure a veteran's PII, PHI, or private, confidential medical information resources, it balances protecting a veteran's right to privacy and its available resources against public health and safety. The VA exercises its discretion to report or disclose a veteran's PII or private, confidential medical information on a case-by-case basis. The VA cannot be compelled to disclose a veteran's PII or private, confidential medical information by a state including, but not limited to, the State of California.

72. In deciding whether to disclose Albert Wong's PII or PHI to local law enforcement, VHA employees would have to exercise their discretion as to whether to make the disclosure under VHA Directives, assuming legal authority existed.

73. The decision of VHA employees as to whether to disclose Albert Wong's PII or PHI to local law enforcement involves the consideration of several factors explained above, including the existence of legal authority, VHA Directives, a veteran's privacy, the protection of a veteran's privacy rights, the resources of the medical facility as well as public health and safety.

74. VHA employees retain authority to exercise their discretion under VHA Directives to disclose a veteran's PII or PHI when that disclosure is authorized under existing federal law and VHA Directives.

I declare under penalty of perjury under the laws of the United States of America and in accordance with 28 U.S.C. § 1746 that the foregoing is true and correct. Executed this 30th day of May, 2024, at Kannapolis, North Carolina.

*Stephania H. Griffin*

STEPHANIA H. GRIFFIN,
CHIEF PRIVACY OFFICER
VETERANS HEALTH ADMINISTRATION
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS

**DECLARATION OF STEPHANIA GRIFFIN IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS; CASE NO.: 3:21-CV-03866-LB**