Scott D. Righthand, Esq., SBN: 087635
Brittany Rogers, Esq., SBN: 288522
THE LAW OFFICE OF SCOTT RIGHTHAND
A Professional Corporation
425 California Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 544-0115
Facsimile:   (415) 544-0116
Scott@righthandlaw.net
Brittany@righthandlaw.net
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONALD LOEBER and MARIE LOEBER by and through her Successor In Interest, MICHELLE LOEBER,<br><br>                Plaintiffs,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No.: 3:21-CV-03866-LB<br><br>**OBJECTIONS TO DECLARATION OF STEPHANIA GRIFFIN FILED IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Date:    August 22, 2024<br>Time:   9:30 a.m.<br>Dept.:   Courtroom B – 15th Floor<br><br>Honorable Judge Beeler<br>United States Magistrate Judge |

Plaintiffs herein, DONALD and MARIE LOEBER by and through her Successor In Interest, MICHELLE LOEBER, the plaintiffs in the above referenced matter, object to the Declaration of Stephania Griffin filed by Defendant United States in its entirety to the extent Ms. Griffin offers opinions that are interpretations of law, directives, regulations, statutes or codes as. a purported expert on the law which is inadmissible as it usurps the province of the Court. In addition, Plaintiffs specifically object to the following paragraphs and contents:

OBJECTIONS TO DECLARATION OF STEPHANIA GRIFFIN
No.: 3:21-CV-03866-LB

Paragraph 9:3-4:          Objection. "All of VHA's Directives can be found on the VA's website linked as https://www.va.gov/vhapublications/publications.cfm?Pub=1." The term 'All' as used is vague and inaccurate. No foundation that past or superseded Directives are so listed.

Paragraph 10:8-9:               Objection. Whether the VA "strives to provide comprehensive health care" is improper expert testimony from an unqualified witness precluded by Federal Rule of Evidence 702 as not based on scientific, technical or other specialized knowledge; not based on facts or data.

Paragraph 10:11-13:              Objection. Calls for a legal conclusion of an unqualified witness. Federal Rule of Evidence 702.

Paragraph 17:14-15:              Objection. Whether the VA is "the leader in caring for veterans" is vague hyperbole and without foundation. This expert is not qualified to offer that opinion. Federal Rule of Evidence 702.

Paragraph 19:                Objection. Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 20:                Objection. Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an

insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 21:                    Objection. Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F.3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot,* 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 22:                    Objection. Federal Rule of Evidence 702. This "expert's" opinion fails to show that it is based on facts or data supporting that statement. No foundation

Paragraph 23:                    Objection. Federal Rule of Evidence 702. This "expert's" opinion fails to show that it is based on facts or data supporting that statement. No foundation.

Paragraph 24:                    Objection. Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,*

966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 25:        Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 26:        Objection. The purported absence of policy, guideline or regulation concerning this issue is one of law for the Court.

Paragraph 28:        Objection. The issue of statutory, regulation, directive or policy interpretation is one of law for the Court. See, See VHA Directive 1605.01(17)(1), (2).

Paragraph 32:3-6        Objection. The issue of statutory, regulation, directive or policy interpretation is one of law for the Court. VHA Directive 1605.01(17)(1), (2); VHA Directive 2012-026 Attachment A.

Paragraph 35:        Objection: Overbroad. Wong communicated over the course of years to many people on a wide variety of issues to many different people including Peer Specialist Bundy and what Wong discussed is not defined by this expert. As such there is no foundation for defining the information she claims is 'PHI'.

Paragraph 36:        Objection. Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an

insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

 Paragraph 37: Objection. Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot,* 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 40:15-17: Objection. Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot,* 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 44: Objection. Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot,* 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of

OBJECTIONS TO DECLARATION OF STEPHANIA GRIFFIN
No.: 3:21-CV-03866-LB

law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 48:          Objection. Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 49:          Objection. Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 52/11-14:          Objection. Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation

of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 53/17-18:          Objection. No foundation that this witness has reviewed, sought to obtain or obtained knowledge from any source regarding any 5701 Standing Request.

Paragraph 55/1-5          Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 55/5-6          Objection. No foundation that this witness has reviewed, sought to obtain or obtained knowledge from any source regarding any FOIA request.

Paragraph 56/8-11          Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's

policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 59:          Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law.

*McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 60:          Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law.

*McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 64:          Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law.

*McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's

OBJECTIONS TO DECLARATION OF STEPHANIA GRIFFIN
No.: 3:21-CV-03866-LB

policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 68:          No foundation as to what the VA considers beyond satisfaction of the statute involved. Further, statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 69:          No foundation as to what the VA considers beyond satisfaction of the statute involved. No foundation that the VA has insufficient resources to comply with mandatory disclosure laws. Further, statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 70:  This example is vague and does not reference either an intended disclosure of information to a third party under circumstances in any way similar to those before the Court. No foundation that this witness is qualified to opine on financial information about the VA regarding this opinion/example.

Paragraph 71:          No foundation as to what the VA considers beyond satisfaction of the statute involved. No foundation that there is any balancing test authorized by policy, regulation or statute where mandatory reporting of criminal acts are involved. Further, statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 72:          Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 73:          No foundation as to what the VA considers beyond satisfaction of the statute, policy or directive involved. No foundation that there is any balancing test authorized by policy, regulation or statute where mandatory reporting of criminal acts that are involved. Further, statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to

OBJECTIONS TO DECLARATION OF STEPHANIA GRIFFIN
No.: 3:21-CV-03866-LB

interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

Paragraph 74:        No foundation as to what the VA considers beyond satisfaction of the statute involved. No foundation that there is any balancing test authorized by policy, regulation or statute where mandatory reporting of criminal acts are involved. Further Statutory interpretation or VA Directive interpretation is a question of law for the court; an expert's opinion on such matters is an inadmissible interpretation of the law. *McHugh v. United Service Auto. Assn* 164 F3d 451 (9th Cir. 1999; *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony")

DATED:  August 1, 2024                    LAW OFFICE OF SCOTT RIGHTHAND

By: _____
                    SCOTT RIGHTHAND
                    BRITTANY ROGERS
                    Attorneys for Plaintiffs

**PROOF OF SERVICE**

I, Brittany Rogers, am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 425 California Street, Suite 900, San Francisco, California, 94104.

I served the foregoing document(s) described as the following:

**OBJECTIONS TO DECLARATION OF STEPHANIA GRIFFIN FILED IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS AND MOTION TO STRIKE**

[X]    by placing the original [X] true copy(ies) thereof enclosed in sealed envelopes addressed as follows:

[ ]    **BY ELECTRONIC SERVICE/NEF**: Service was accomplished through the Notice of Electronic Filing for parties and counsel who are registered ECF Users.

[ ]    **BY PERSONAL SERVICE**:  I caused such envelopes to be delivered by hand this date to the persons listed below:

[ X ]    **EMAIL-FRCP 5(b)(2)(E)** pursuant to written consent to service by electronic means by placing in a secure email in accordance with this office's practice, and addressed to the party's last known email address listed below:

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 1, 2024 in San Francisco, California.

_____/s/ Brittany Rogers_____
*Brittany Rogers*

## SERVICE LIST

STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
DOUGLAS JOHNS (CABN 314798)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (415) 846-8947
FAX: (408) 535-5081
Douglas.Johns@usdoj.gov
**Attorneys for Defendant**
**UNITED STATES OF AMERICA**

Ronald Foreman, Esq.
**FOREMAN & BRASSO**
850 Montgomery Street, Suite 300
San Francisco, CA 94133
Tel: (415) 433-3475
Fax: (415) 781-8030
Email: foremanandbrasso@foremanandbrasso.com
rdf@foremanandbrasso.com
polly@foremanandbrasso.com
iah@foremanandbrasso.com
**Attorney for Plaintiffs**
**MARC GOLICK**

OBJECTIONS TO DECLARATION OF STEPHANIA GRIFFIN
No.: 3:21-CV-03866-LB